**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| LISA ESCHLEMAN, | : | |
| | : | Case No. 2:12-CV-519 |
| Plaintiff, | : | |
| | : | JUDGE ALGENON L. MARBLEY |
| v. | : | |
| | : | |
| UNITEDHEALTH GROUP, INC., et al. | : | Magistrate Judge Terence P. Kemp |
| | : | |
| Defendants. | : | |

**OPINION & ORDER**

**I. INTRODUCTION**

This matter comes before the Court on Defendant the State of Ohio's Motion to Dismiss ("Motion"). For the reasons set forth herein, Defendant's Motion is **GRANTED**.

**II. BACKGROUND**

Plaintiff, Lisa Eschleman, brings suit against her medical insurance provider, UnitedHealth Group Inc., as well as her employer, the State of Ohio, which also administers Plaintiff's "State of Ohio – Med Plan" ("the Plan"). In 2004, Plaintiff underwent surgery to install a Motor Cortex Stimulator in order to alleviate her neuropathic facial pain. In January, 2012, Plaintiff was informed the battery life of the Stimulator was nearing its end and the battery needed to be replaced. Plaintiff scheduled surgery to replace the battery, but on March 29, 2012, Defendant UnitedHealth Group denied coverage for the procedure. Plaintiff's physician appealed the decision, an appeal which Defendant UnitedHealth Group denied on April 20, 2012. The Plaintiff alleges Defendants denied her benefits in violation of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1104, 1109, and 1132 ("ERISA"). Defendant, the

State of Ohio, here moves to dismiss the complaint against it for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).

### III. STANDARD OF REVIEW

Subject matter jurisdiction is a threshold matter that a court must decide prior to considering a claim's merits. *City of Health, Ohio v. Ashland Oil, Inc.,* 834 F.Supp. 971, 975 (S.D.Ohio 1993). Rule 12(b)(1) provides that the defendant may file a motion to dismiss based on a "lack of jurisdiction over the subject matter." Fed.R.Civ.P. 12(b)(1). The plaintiff has the burden of proving jurisdiction when subject matter jurisdiction is challenged. *Rogers v. Stratton Indus.,* 798 F.2d 913, 915 (6th Cir.1986). Attacks on subject matter jurisdiction may be either facial attacks or factual attacks. *United States v. Ritchie*, 15 F.3d 592, 598. A facial attack challenges the legal sufficiency of the complaint. When considering such a challenge, the court "must take the material allegations of the petition as true and construe[] [them] in the light most favorable to the nonmoving party." *Id*.

### IV. LAW & ANALYSIS

Here, Defendant facially attacks the Complaint on the grounds of the State of Ohio's Eleventh Amendment sovereign immunity. In relevant part, the Eleventh Amendment provides:

> The judicial power of the United states shall not be construed to extend to any suit in law or equity, commenced or prosecuted against of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. Const. Amend. XI. The Supreme Court has long held that the Eleventh Amendment also barred suits brought against a state by citizens of that state. *Hans v. Louisiana*, 134 U.S. 1, 33 (1890). Furthermore, "[t]his jurisdictional bar applies regardless of the nature of the relief sought." *Pennhurt State School & Hosp. v. Halderman*, 465 U.S. 89, 101 (1984). There are exceptions to this bar which allow a state to be sued in its own name when a state waives its

-3-

Eleventh Amendment immunity or Congress properly overrides that immunity. *Kentucky v. Graham*, 473 U.S. 159, 167 n. 14 (1985).

Plaintiffs do not argue Ohio has waived its sovereign immunity to ERISA claims. As to whether Congress abrogated the states' sovereign immunity in passing ERISA, the Sixth Circuit holds it did not. *Thiokol Corp. v. Department of Treasury*, 987 F.2d 376, 382 (1993). While a state may not be sued in its own name under ERISA, "the [Eleventh] [A]mendment does not preclude actions against state officials sued in their official capacity for prospective injunctive or declaratory relief." *Id*. at 381.

Significantly, Plaintiff has not named any official of the State of Ohio in her Complaint. Thus, the question of whether Plaintiff could proceed in this ERISA action against a specific official of the state is not presented. Plaintiff appears to misunderstand *Thiokol*, incorrectly citing it for the broad proposition that "the Eleventh Amendment does not bar a plaintiff from suing the State 'for prospective declaratory and injunctive relief.'" *Plaintiffs' Memorandum in Opposition*, Doc. 7 at 1. As stated above, however, *Thiokol* carves out a possible exception to sovereign immunity only for ERISA suits against a particular state official sued in her official capacity. *Thiokol* in no way purports to subject the State of Ohio itself to ERISA claims. The other case Plaintiff cites in support of her contention, *Shefel v. Gassman*, 748 F.Supp.2d 776 (S.D. Ohio 2010), is similarly inapposite as the plaintiff in that case sued a state official in an official capacity.

Plaintiff has, thus, failed to satisfy its burden of proving subject matter jurisdiction in response to Defendant's challenge. Her claim against the State of Ohio cannot proceed.

-4-

## V. CONCLUSION

For the foregoing reasons Defendant's Motion to Dismiss is, hereby, **GRANTED**.  The State of Ohio is **DISMISSED** from this case.

**IT IS SO ORDERED.**

    s/ Algenon L. Marbley
**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT JUDGE**

**DATED: March 8, 2013**