IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| LISA ESCHLEMAN, | : | |
| | : | Case No. 2:12-cv-519 |
| Plaintiff, | : | |
| | : | JUDGE ALGENON L. MARBLEY |
| v. | : | |
| | : | |
| UNITEDHEALTH GROUP, INC., *et al.* | : | Magistrate Judge Terence P. Kemp |
| | : | |
| Defendants. | : | |

**OPINION & ORDER**

**I. INTRODUCTION**

This matter comes before the Court on Defendant United HealthCare Services, Inc.'s Motion to Dismiss ("Motion"). (Doc. 18.) For the reasons set forth herein, Defendant's Motion is **GRANTED**.

**II. BACKGROUND**

In September 2004, Plaintiff, Lisa Eschleman, underwent surgery to install a motor cortex stimulator in order to alleviate neuropathic facial pain after other medications and treatments had failed. Subsequent to the initial surgery, Eschleman learned that the battery for the stimulator would have to be replaced and she scheduled a surgery for this purpose. According to the Complaint, Defendant denied coverage for the battery replacement surgery because the treatment had not been "shown to be safe and effective" for Ms. Eschleman's medical condition. (*Complaint*, Doc. 1 at ¶ 11.) On June 12, 2012, Lisa Eschleman filed this action against United Healthcare Services. The Plaintiff alleges Defendants denied her benefits in violation of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1104, 1109, and 1132 ("ERISA").

Ms. Eschleman was employed by the State of Ohio at the time she filed the suit. (Doc. 1 at ¶ 6.)  The State of Ohio has established an employee benefit plan for its employees called the "State of Ohio – Ohio Med Plan" (the "Plan").  The State of Ohio has contracted with United Healthcare to assist in administering the Plan. The Plan explicitly states that the State of Ohio remains solely responsible for:

- Enrollment and classification changes (including classification changes resulting in [the insured's] enrollment or the termination of [the insured's] coverage);

- The timely payment of Benefits; and

- Notifying [the insured] of the termination or modifications to the Plan.[1]

### III. STANDARD OF REVIEW

Subject matter jurisdiction is a threshold matter that a court must decide prior to considering a claim's merits. *City of Health, Ohio v. Ashland Oil, Inc.,* 834 F.Supp. 971, 975 (S.D.Ohio 1993).  Federal Rule of Civil Procedure 12(b)(1) provides that the defendant may file a motion to dismiss based on a "lack of jurisdiction over the subject matter." Fed.R.Civ.P. 12(b)(1).  The plaintiff has the burden of proving jurisdiction when subject matter jurisdiction is challenged. *Rogers v. Stratton Indus.,* 798 F.2d 913, 915 (6th Cir.1986).  Attacks on subject matter jurisdiction may be either facial attacks or factual attacks.  *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994).  A facial attack challenges the legal sufficiency of the allegations in the complaint; whereas a factual attack tests "the factual existence of subject matter jurisdiction."  *Id.*  When considering a facial attack, unlike a factual one, the court "must take the material allegations of the petition as true and construe[] [them] in the light most favorable to the nonmoving party." *Id*.

---

[1] *See* http://das/ohio.gov/LinkClick.aspx?fileticket=K0SO4fyohZ4%3d&tabid=743, at 91.

## IV. LAW & ANALYSIS

Defendant's Motion states two grounds for dismissal: (1) lack of subject matter jurisdiction; and (2) judgment on the pleadings. The Court first addresses the threshold issue of jurisdiction. Since the Court finds that subject matter jurisdiction is lacking, it is not necessary to address the merits.

### A. ERISA's Grant of Subject Matter Jurisdiction to Federal Courts

This Court has limited jurisdiction, granted authority under Article III of the United States Constitution to adjudicate only actual "cases" or "controversies" arising under federal law. U.S. Const. art. III, § 2, cl. 1. Defendant United Healthcare moves to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. The sole basis Plaintiff asserts for this Court's jurisdiction is the Employee Retirement Income Security Act of 1974 ("ERISA").[2] ERISA vests the district courts of the United States with jurisdiction, whatever the amount in controversy or the citizenship of the parties, over all civil actions brought under ERISA § 502(a)(1)(B). The statute also grants concurrent jurisdiction to the state courts. Congress enacted ERISA in part to protect "the interests of participants in employee benefit plans," 29 U.S.C. § 1001(b), and to preempt "any and all State laws insofar as they may now or hereafter relate to any employee benefit plan . . ." 29 U.S.C. § 1144(a). ERISA applies to all employee benefit plans established and maintained by employers engaged in commerce or industries engaged in commerce. 29 U.S.C. § 1003(a).

### B. ERISA Expressly Exempts "Governmental Plans" from Coverage

ERISA does not apply to any employee benefit plan if the plan is a "governmental plan." 29 U.S.C. § 1003(b)(1). ERISA defines "governmental plan" as "a plan established or

---

[2] Section 1132(a)(1)(B) permits any beneficiary of a covered plan to bring a civil action "to recover benefits due to him under the terms of the plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the plan . . ."

3

maintained by the Government of the United States, by the Government of any State or political subdivision thereof, or any agency or instrumentality of any of the foregoing." 29 U.S.C. § 1002(32). United Healthcare argues that the "State of Ohio – Med Plan" is a governmental plan, while Plaintiff contends that it is not. If the Plan is a governmental plan, it is not subject to ERISA. If the plan is not subject to ERISA, this Court lacks subject matter jurisdiction.[3]

### 1. Governmental Plan

To determine whether the "State of Ohio – Med Plan" is a government plan, the Court must determine if the State of Ohio "established or maintained" the plan for the benefit of its employees. 29 U.S.C. § 1002(32). It is not necessary for the State of Ohio to "establish or maintain" its plan unilaterally in order to qualify for exemption. *Weiner v. Klais and Co., Inc.*, 108 F.3d 86, 89-90 (6th Cir. 1997); *Rose v. Long Island R.R. Pension Plan*, 828 F.2d 910, 919-20 (2d Cir. 1987). Thus, the fact that the State of Ohio contracted with United Healthcare to administer the plan does not cause the plan to lose its governmental nature. *Id.* In exempting governmental plans from ERISA, Congress "was concerned more with the governmental nature of public employees and public employers than with the details of how a plan was established or maintained." *Lovelace v. Prudential Ins. Co.*, 775 F. Supp. 228, 230 (S.D. Ohio 1991).

(a.)    **"State of Ohio – Med Plan" Is a Governmental Plan and Exempt from ERISA**

The "State of Ohio – Med Plan" is a governmental plan because the State of Ohio affirmatively established a State-funded employee health care plan to benefit State employees.[4] Even though the State of Ohio contracted United Healthcare to assist in administering the plan, the State of Ohio remains solely responsible for the timely payment of benefits to participants in the Plan. The governmental nature of the plan remains, then, despite the presence of a third-party

---

[3] Plaintiff has not offered any alternative basis for this Court to exercise jurisdiction over the case. The Complaint raises no issues of federal law other than a claim under ERISA, nor are the parties of diverse citizenship.
[4] See http://das/ohio.gov/LinkClick.aspx?fileticket=K0SO4fyohZ4%3d&tabid=743.

insurance company assisting in administration. Since Ms. Eschleman is an employee of the State of Ohio and her insurance plan was established and maintained by the State of Ohio, ERISA is not applicable. Absent the alleged ERISA violation, there is no federal question and, thus, no federal subject matter jurisdiction.

### C. The fact that Ms. Eschleman and the State of Ohio share in the cost of the Plan does not cause the Plan to lose its governmental character.

Under the Plan, employees pay a percentage of their health insurance premium. Eschleman argues that because the State of Ohio does not fund the entire "State of Ohio – Med Plan," the plan does not meet the definition of a "governmental plan." In determining whether a health insurance plan is a governmental plan, however, the question is whether the governmental entity "established or maintained" the plan—not whether the governmental entity pays all of the premiums. 29 U.S.C. § 1002(32). Payment of the premiums is not determinative of whether the plan is a "governmental plan." Rather, payment of the premiums is simply one factor pointing to the conclusion that the plan at issue is a governmental plan. *See Anderson v. Liberty Life Assurance Co. of Boston*, Case No. 1:05-cv-352, 2007 WL 2783668 (S.D. Ohio Sept. 24, 2007); *Fromm v. Principal Health Care of Iowa, Inc.*, 244 F.3d 652, 653, (8th Cir. 2001); *Simac v. Health Alliance Medical Plans, Inc.*, 961 F. Supp. 216, 218 (C.D. Ill. 1997); *Silvera v. The Mut. Life Ins. Co. of New York*, 884 F.2d 423, 426 (9th Cir. 1989); *Feinstein v. Lewis*, 477 F. Supp. 1256, 1260 (S.D.N.Y. 1979).

The question is whether the fact that the State of Ohio and Eschleman share in the cost of the Plan causes the plan to lose its governmental nature. This Court finds the reasoning of the District Court of Kansas persuasive in answering this question. *See Robert v. Bd. Of County Comm'rs of Brown County*, No. 08-2150 2001 U.S. Dist. LEXIS 21825, *34 (D. Kans. March 3, 2001). In that case, the Kansas court found that a plan will qualify as a governmental plan

exempt from ERISA where the governmental entity pays "at least a substantial amount of the employee's insurance premium." *Id.*  This Court adopts the same "substantial amount" test here. Under the State of Ohio – Med Plan the State of Ohio pays 85% of the insurance premium. This Court finds that 85% qualifies as a substantial amount by any measure.  The sharing of the payment of the premium, therefore, does not vitiate the governmental nature of the plan.

Plaintiff also asserts that the Plan covers non-State employees, but she has provided no factual support for this contention.  In the absence of evidence or legal support that would allow the Court to determine whether the Plan does, in fact, cover non-State employees, the Court does not address the consequences of this hypothetical situation.  Plaintiff also contends that the State has no management role in the plan. Again, however, the test is whether the State "established or maintained" the Plan. Eschleman fails to provide any evidence or argument to refute the fact that the State of Ohio established and maintains the Plan, and pays a substantial amount of Plaintiff's premium.  Accordingly, the Plan is a governmental plan and, thus, exempt from ERISA. *See* 29 U.S.C. § 1002(32).

## V. CONCLUSION

For the foregoing reasons Defendant's Motion to Dismiss (Doc. 18.) is, hereby, **GRANTED**.  As the other Defendant in this case, the State of Ohio, was dismissed by a prior Order of this Court (Doc. 21), all Defendants to the action have been dismissed.  This case is **DISMISSED** in its entirety.

**IT IS SO ORDERED.**

                                                s/ Algenon L. Marbley
                                              **ALGENON L. MARBLEY**
                                              **UNITED STATES DISTRICT JUDGE**

**DATED: September 10, 2013**